UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | 05-10084-WGY |
| | ) | |
| RYAN MAGRO | ) | |

**DEFENDANT RYAN MAGRO'S SENTENCING MEMORANDUM**

Now comes defendant RYAN MAGRO, through counsel, and hereby submits this Memorandum in preparation for his sentencing.

**I.   Mr. Magro's Position Regarding his Guideline Sentencing Range, Without Reference to Departures[1]**

As set forth in the Pre-Sentence Report (PSR), the Probation Officer has calculated the Guideline Sentencing Range (GSR) to be 235 to 293 months. In arriving at this GSR, the Probation Officer contends that pursuant to U.S.S.G. § 2D1.1(c)(1) and § 2D1.1, Note B, the base offense level (BOL) attributable to Mr. Magro is 38. The Probation Officer then grants Mr.

---

[1] Defendant has structured his Sentencing Memorandum in three parts: his position regarding his Guideline Sentencing Range, without reference to departures; his position regarding the appropriateness of a downward departure for his mental and emotional condition; and his position regarding his sentence after consideration of the factors set forth in 18 U.S.C. § 3553(a). Counsel has employed this format based on the First Circuit's decision in United States v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) and for the Court's convenience in dealing with the position of the Probation Officer, the Government, and the defendant in an organized way. Despite this organizational structure, defendant objects to the use of the guidelines in any way other than the advisory capacity allowed in United States v. Booker, 543 U.S. 220 (2005). The defendant objects to any presumption of reasonableness, any substantial weight being given to the guidelines, or even using the guidelines as a starting point from which the defendant must show reasons why deviation is allowed or required. The use of the guidelines in this fashion violates the Sixth Amendment to the United States Constitution. This issue is currently being decided by the United States Supreme Court in two cases, both of which were argued on February 20, 2007. Rita v. United States, Supreme Court Docket Number 06-5754 (177 Fed. Appx. 357; 2006 U.S. App. Lexis 10850 (4th Cir. 2006)) and Claiborne v. United States, Supreme Court Docket Number 06-5618 (439 F.3d 479 (8th Cir. 2006)).

Magro a two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(9) (for meeting criteria 1-5 of U.S.S.G. § 5C1.2, "Limitation on Applicability of Statutory Minimum Sentences"), and adds two points to the BOL pursuant to § 3C1.1 for obstruction of justice. There is no three level deduction for acceptance of responsibility; therefore the Total Offense Level (TOL) is also 38.

Mr. Magro renews his objection to the Probation Officer's calculation of his base offense level. As it is defendant's position that the plea agreement in this case is enforceable, it is also defendant's position that the base offense level agreed to by the parties is still applicable. The plea agreement sets forth that the United States and Mr. Magro will take the position at sentencing that Mr. Magro was responsible for approximately 3.4 kilograms of a mixture or substance containing a detectable amount of methamphetamine and is therefore subject to a base offense level of 34.

Mr. Magro also objects to a two-level enhancement for obstruction of justice pursuant to § 3C1.1. As discussed in the April 22, 2007 report of Dr. Alison Fife[2], Mr. Magro suffers from both Bipolar Disorder and Polysubstance Abuse and Dependence. Symptoms of Mr. Magro's Bipolar Disorder include mood swings between severe depression and elevated or manic mood. During the summer of 2005, while Mr. Magro was living with his mother on pretrial release, he became depressed and made an impulsive decision to start using drugs again. One of Mr. Magro's friends (who was angry with him at the time) called and pretended to be Pre-Trial Services officer Christopher Wylie. Knowing that Mr. Magro had been on a two (2) day drug binge, the friend (impersonating Mr. Wylie) informed Mr. Magro that he had to present himself

---

[2] Dr. Fife's April 22, 2007 report was forwarded to the Probation Officer as part of Mr. Magro's objections to the PSR. That report is not being reproduced here so that it does not become part of the public record.

for a drug screen. In a paranoid state precipitated by his depression and his subsequent drug use, Mr. Magro believed the caller and impulsively took off for New York. It is Dr. Fife's opinion that Mr. Magro could not appreciate the impact of his actions on his already established plea agreement because of his depression (a symptom of his Bipolar Disorder) and his use of methamphetamine. It is therefore Mr. Magro's position that a two-level increase for obstruction of justice is unwarranted[3].

Finally, Mr. Magro renews his objection to the Probation Officer's refusal to grant him a three-level reduction for acceptance of responsibility. As discussed above, Mr. Magro believes that the two level enhancement for obstruction of justice is inappropriately applied; therefore, Application Note #4 to § 3E1.1[4] does not preclude Mr. Magro from receiving a three (3) level reduction for acceptance of responsibility. Further, Mr. Magro notes that Application Note #5 accurately reflects the fact that the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." Mr. Magro should therefore be granted a three level reduction for acceptance of responsibility.

---

[3] While the Court may be troubled by the fourteen (14) month duration of Mr. Magro's absence, the length was dictated by the fact that Mr. Magro is a young man who was unfamiliar with the criminal justice system and frightened by the potential consequences of his actions. Further, during the period of time that Mr. Magro was absent from supervision, his Bipolar Disorder went untreated.

[4] Defendant notes that even if the Court finds that the § 3C1.1 obstruction of justice enhancement applies, Application Note #4 to § 3E1.1 states that an obstruction enhancement ordinarily indicates that defendant has not accepted responsibility. Note #4 goes on to state that "there may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." In this case, even if the Court finds that Mr. Magro obstructed justice by absenting himself from supervision, he should still be granted a reduction for acceptance of responsibility given the circumstances of this case – both that Mr. Magro suffers from bipolar disorder and that he cooperated fully with the authorities in proffer sessions in both New Mexico and the District of Massachusetts.

It is Mr. Magro's position that with a BOL of 34, a three-level reduction for acceptance of responsibility, and the two-level "safety valve" reduction, his TOL is 29. With a TOL of 29 and a Criminal History Category of I, the guideline imprisonment range is 87-108 months.

## II.   Mr. Magro Should be Given a Downward Departure Pursuant to U.S.S.G. § 5K2.0 and U.S.S.G. § 5H1.3 Based on Mental and Emotional Conditions

Mr. Magro suggests that a downward departure is warranted based on his mental and emotional condition at the time he committed the crimes charged in the indictment. Pursuant to U.S.S.G. § 5H1.3, "mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted, except as provided in Chapter Five, Park K, Subpart 2 (Other Grounds for Departure)." Guideline 5K2.0(a)(4) (Grounds for Departure) states that an offender characteristic or other circumstance identified in Chapter Five, Part H (such as mental and emotional conditions pursuant to § 5H1.3) "as not ordinarily relevant in determining whether a departure is warranted may be relevant to this determination only if such offender characteristic or other circumstance is present to an exceptional degree."

As noted in Dr. Fife's supplemental report of May 15, 2007[5], Mr. Magro's Bipolar Disorder contributed to his selling of methamphetamine. Bipolar Disorder is an illness characterized by manic (high) mood swings, wherein the patient can lose touch with reality and feel as though they are untouchable – that they can do and accomplish anything. In this manic state, they ignore the consequences of their behavior. In this manic state of euphoria – caused by

---

[5] Dr. Fife's May 15, 2007 report has been forwarded to the Probation Officer, as well as the Assistant United States Attorney, in a separate letter. Dr. Fife's letter is being treated the same way as her original report – as part of Mr. Magro's objections to the PSR – so that it does not become part of the public record.

both his bipolar illness and use of methamphetamine, Mr. Magro was more likely to engage in the self-destructive and risky behavior of selling drugs.

Mr. Magro submitted several character letters to the Probation Officer as part of his response to the initial PSR. Without fail, these letters describe a bright, caring, but emotionally troubled young man. Mr. Magro's family, friends, and teachers all describe the transformation he underwent during the time leading up to his bipolar disorder diagnosis. Further, all of the medical information obtained by the Probation Officer confirms Mr. Magro's diagnosis and the impulsive behavior that characterizes his illness. A downward departure is warranted given the facts of this case.

### III. Mr. Magro's Sentence After Consideration of the Factors Set Forth in 18 U.S.C. § 3553(a)

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553(a). Defendant therefore submits that a sentence of sixty (60) months is appropriate.

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. It is worthwhile to note that "when put side by side, the Guideline provisions and statutory provisions under section 3553(a) often contradict one another." United States v. Myers, 2005 U.S. Dist. LEXIS 1342 (S. D. Iowa Jan. 26, 2005) (citing United States v. Ranum, 2005 U.S. Dist. LEXIS

1338 (E.D. Wis. Jan 14. 2005)). For example, under the Guidelines, courts are generally prohibited from considering the defendant's age (§ 5H1.1), education and vocational skills (§ 5H1.2), socio-economic status (§ 5H1.10), or lack of guidance as a youth (§ 5H1.12). Section 3553(a)(1), however, requires a Court to consider these factors, as they compose the "history and characteristics" of a particular defendant and are necessary components to an individualized sentence. As explained more fully below, a sentence of sixty (60) months is therefore appropriate and adequate.

Section 3553(a)(1) requires the Court to consider the history and characteristics of the defendant. As set forth fully in defendant's PSR, as well as his objections to the PSR and within this Sentencing Memorandum, Mr. Magro is a 24 year old man who suffers from Bipolar Disorder and Polysubstance Abuse. Defendant reports that his mother succumbed to alcoholism when he was a teenager, and that subsequently, Mr. Magro and each of his siblings fell into drug and/or alcohol use at some point in their lives (PSR ¶ 55). As a teen-ager, Mr. Magro revealed to his classmates, family, and friends that he was gay – an act that his former teacher, Jed Lippard, described as "courageous." (¶ 69). Unfortunately, Mr. Magro became involved with "the wrong crowd" toward the end of high school; as a result, he began using drugs heavily. As Dr. Fife explained in her report of May 15, 2007, the impulsive behavior that Mr. Magro often exhibited as a symptom of his Bipolar Disorder also contributed to the destructive lifestyle he engaged in while selling methamphetamine.

It is important to note that Mr. Magro has zero criminal history points – this case presents his one and only (albeit very serious) transgression. Given the fact that this transgression was

6

brought about, in part, by Mr. Magro's Bipolar Disorder and own addiction to the substance he was selling, a sentence of sixty (60) months is appropriate and adequate.

The nature and circumstances of the offense also warrant a sentence of sixty (60) months. While Mr. Magro acknowledges that he has made a serious error in judgment – and violated federal law – he contends that he would not have gotten involved in this offense absent his serious addiction to methamphetamine and his Bipolar Disorder. Given that fact, and the fact that this offense is a marked deviation from an otherwise law-abiding life, a sentence of sixty (60) months is appropriate.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed more fully below, a sentence of sixty (60) months would adequately take these four factors into consideration.

Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It is Mr. Magro's position that a sentence of sixty (60) months does reflect the seriousness of the offense and provides just punishment. This is particularly true in light of Mr. Magro's mental health diagnoses and the immense potential he shows for the future once he is able to serve his time and put this behind him.

Section 3553(a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct.  While a sentence of sixty (60) months is shorter than the GSR of 235 to 293 months suggested by the Probation Officer (as well as being shorter than the 87 to 108 months Mr. Magro contends is the correct GSR), it still affords adequate deterrence to criminal conduct for Mr. Magro.   This is particularly true given the fact that much of Mr. Magro's conduct was precipitated by his own drug addiction and his Bipolar Disorder, and that this conduct was a marked deviation from the normal conduct of a bright, caring, and well-respected young man.

Section 3553(a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant.  Mr. Magro has no criminal history prior to the present offense, and the reality is that his current offense caused significantly more harm to himself and to his family than to the public.  The concern that the public needs to be protected from potential further crimes of the defendant is minimal or non-existent in this situation.

Finally, § 3553(a)(2)(D) requires the Court to impose a sentence that provides the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.  In this case, Mr. Magro would most certainly receive better medical care for both his mental and physical conditions outside the confines of the Bureau of Prisons.  Mr. Magro is also very skilled at working with computers, and therefore does not require educational or vocational training while incarcerated.  Given all of the factors set forth above, a sentence of sixty (60) months is adequate and appropriate.

Given the facts stated above, as well as the presence of a mandatory post-incarceration term of supervised release, defendant suggests that a sentence of sixty (60) months is appropriate.

        Respectfully submitted,
        **RYAN MAGRO**
        By his attorneys,

        /s Christie M. Charles

        George F. Gormley (204140)
        Christie M. Charles (646995)
        ***George F. Gormley, P.C.***
        755 East Broadway
        South Boston, MA 02127
        (617) 268-2999

**Dated**:     May 16, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 16, 2007.

        /s Christie M. Charles

        Christie M. Charles