# MANDATE

*[handwritten: USDC MA / 05-10084 / Young, J]*

# United States Court of Appeals
## For the First Circuit

No. 07-1878

UNITED STATES,

Appellee,

v.

RYAN W. MAGRO,

Defendant, Appellant.

Before

Boudin, *Chief Judge*,
Torruella and Lynch, *Circuit Judges*.

JUDGMENT

Entered:  May 27, 2008

   Defendant-appellant Ryan Magro was sentenced in the United States District Court for the District of Massachusetts for a serious federal drug offense.  Before imposing sentence, the district court calculated the range of imprisonment applicable under the United States Sentencing Guidelines, and included an enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  The obstruction enhancement was based on Magro absconding for a period of fourteen months, during which he concealed himself from authorities.  The district court ultimately imposed a term of imprisonment well below the calculated range.

   Magro contends that his impaired mental state did not allow him to form the 'specific intent' necessary under the § 3C1.1 'willfulness' requirement, and submitted a letter from a psychiatrist, reporting on Magro's state of mind at the time he fled, but not his state of mind during the entire duration of his fourteen-month flight.  The government has moved for summary affirmance under our Local Rule 27.0(c).

   Assuming that specific intent is a requirement under § 3C1.1, the information available at sentencing still "clearly supports the district court's ultimate finding that [Magro] attempted to obstruct justice."  United States v. Hall, 434 F.3d 42, 61 (1st

Cir. 2006). The duration of Magro's evasion of custody is far longer than could be reasonably attributed to the spontaneous paranoid impulse indicated by Magro's psychiatrist. The district court's determination under § 3C1.1 is adequately grounded by facts plain on the face of the record.

Magro has requested that his psychiatrist's report letter, submitted to the probation officer before sentencing, be sealed. In light of the fact that the report contains sensitive details about the defendant's life, we are persuaded to make an exception to the strong presumption in favor of public access to judicial proceedings. See F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 409 (1st Cir. 1987).

The government's motion under our Local Rule 27.0(c) is **allowed**.

The judgment is **affirmed**.

The defendant's motion to seal is **granted**.

By the Court:

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

/s/ Richard Cushing Donovan, Clerk.

**Richard Cushing Donovan, Clerk**

_KM_
**Deputy Clerk**

Date: 6/19/08

cc:
Chaitowitz, Dina Michael
Charles, Christie M.
Gormley, George F.
Magro, Ryan W.
Rue, Nancy
Zacks, Jennifer H.